UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DELORIS E. BOAZ,<br><br>                    Plaintiff,<br><br>         v.<br><br>STATE OF WASHINGTON; TROOPER T. SHIREY; TROOPER GREGG S. RIDDELL; and CAPTAIN WES ROTHWELL, Field Operations Bureau,<br><br>                    Defendants. | No. CV-13-3020-EFS<br><br>**ORDER DISMISSING COMPLAINT, DIRECTING ENTRY OF JUDGMENT, AND CLOSING FILE** |

On February 15, 2013, Plaintiff Deloris Boaz filed a *pro se* civil rights Complaint against three individuals, presumably all of whom are law enforcement officers employed by the Washington State Patrol. ECF No. 4. On May 1, 2013, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and found that Plaintiff failed to state a claim upon which relief could be granted. ECF No. 6. The Court directed Plaintiff to either amend or voluntarily dismiss her Complaint by July 1, 2013. *Id.* Upon Plaintiff's motion, the Court extended that deadline to July 8, 2013. ECF No. 8. On July 8, 2013, Plaintiff filed an amended complaint. ECF No. 9.[1]

---

[1] The Court uses the term "amended complaint" somewhat loosely. Despite the Court's prior instruction to the contrary, the pleading was not

ORDER DISMISSING COMPLAINT, DIRECTING ENTRY OF
JUDGMENT, AND CLOSING FILE - 1

Plaintiff's amended complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons stated herein, Plaintiff's present allegations fail to state a claim upon which relief can be granted. Moreover, because Plaintiff has now twice failed to file a legally-sufficient complaint, the Court dismisses the complaint and directs entry of judgment in favor of Defendants.

**A.  Legal Authority for Screening of Plaintiff's Complaint**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen any complaint which seeks relief against a governmental entity or officer or employee of a governmental entity if the complaint is brought by a plaintiff seeking to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (holding that § 1915 applies to all applicants for *in forma pauperis* status, prisoner or non-prisoner). The Court must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325

---

plainly labeled as a First Amended Complaint. *See* ECF No. 6, at 6. And as explained herein, the pleading failed to comply with almost all of the requirements the Court set out in its prior Order granting Plaintiff leave to amend. *See id.* at 5-6.

(1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

The facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Mere legal conclusions "are not entitled to the assumption of truth." *Id.* The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

**B.    Failure to Comply with Court's Prior Order**

In the Court's prior Order granting Plaintiff leave to amend her Complaint, the Court directed Plaintiff to, *inter alia*, 1) "set forth each factual assertion in a **separate, numbered paragraph,**" ECF No. 6, at 5 (emphasis in original); 2) not submit exhibits with the complaint; 3) "clearly identify each named Defendant and why each Defendant is liable to Plaintiff," *id.*; and 4) "clearly state why this Court has jurisdiction over her complaint," *id.* Plaintiff's Amended Complaint does not comply with any of these requirements. For that reason alone, dismissal is warranted; nonetheless, as demonstrated

ORDER DISMISSING COMPLAINT, DIRECTING ENTRY OF
JUDGMENT, AND CLOSING FILE - 3

below, Plaintiff's amended complaint again fails to state a claim upon which relief can be granted.

**C.   Plaintiff's Amended Complaint**

The factual allegations in Plaintiff's amended complaint largely mirror the claims asserted in her initial complaint. Plaintiff asserts that she was stopped by officers of the Washington State Patrol, and that at the time, she did not possess a valid driver's license. Plaintiff apparently asserts that she has a right to freely travel on the public highways of the State of Washington, and that these rights were violated when Defendants impounded her vehicle (and subsequently refused to release it) because she did not possess a valid driver's license.

Although not plainly stated, it appears that Plaintiff is alleging that Defendants' actions violated her fundamental right to interstate travel under the U.S. Constitution. *See Attorney Gen. of N.Y. v. Soto-Lopez*, 476 U.S. 898, 903 (1986) (Brennan, J., plurality op.). Plaintiff apparently contends that Washington's requirement that she possess a driver's license to drive on public roads in the state — and, consequently, Defendants' impound of and refusal to return her vehicle unless claimed by someone with a valid driver's license — violates this constitutional right.

Minor burdens impacting interstate travel or burdens placed on travel generally — such as gasoline taxes and toll roads — do not violate the right to interstate travel. *See Miller v. Reed*, 176 F.3d 1202, 1205 (9th Cir. 1999). States may impose a licensing scheme for personal vehicles and drivers, and the state's refusal to issue a

1 license does not implicate the right to interstate travel. *Id.*
2 (citing *Monarch Travel Servs., Inc. v. Assoc. Cultural Clubs, Inc.*,
3 466 F.2d 552, 554 (9th Cir. 1972)). Plaintiff "does not have a
4 fundamental right to drive a motor vehicle[.]" *Id.* at 1206. Thus,
5 "[t]o the extent [P]laintiff contends that her fundamental right to
6 interstate travel is violated by impoundment of her [v]ehicle or state
7 requirements that she register the [v]ehicle and possess a valid
8 driver's license, that claim fails as a matter of law." *McCain v.*
9 *Stockton Police Dept.*, No. CIV S-10-3170 JAM CKD PS, 2011 WL 4710696,
10 at *5 (E.D. Cal. Oct. 4, 2011) (unpublished) (citing *Miller*, 176 F.3d
11 at 1205-06). Accordingly, Plaintiff has failed to state a claim upon
12 which relief can be granted.

**D.  Conclusion**

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend her complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Because the factual allegations in Plaintiff's amended complaint are substantively identical to the allegations in her initial complaint -- and as the Court has previously provided Plaintiff with leave to amend and specific guidance on how to do so -- the Court concludes that any further opportunity to amend would be futile.

//
//
//
//

ORDER DISMISSING COMPLAINT, DIRECTING ENTRY OF
JUDGMENT, AND CLOSING FILE - 5

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Amended Complaint, **ECF No. 9**, is **DISMISSED WITH PREJUDICE.**

2. The Clerk's Office is directed to **ENTER JUDGMENT** in favor of all Defendants and to **CLOSE** this file.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal would not be taken in good faith.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and forward a copy to Plaintiff at her last known address.

**DATED** this 10th day of July 2013.

s/Edward F. Shea<br>
EDWARD F. SHEA<br>
Senior United States District Judge

Q:\EFS\Civil\2013\3020.screen.dismiss.lc2.docx

ORDER DISMISSING COMPLAINT, DIRECTING ENTRY OF
JUDGMENT, AND CLOSING FILE - 6