UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DELORIS E. BOAZ,<br><br>                Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON; TROOPER T. SHIREY; TROOPER GREGG S. RIDDELL; and CAPTAIN WES ROTHWELL, Field Operations Bureau,<br><br>                Defendants. | No.  CV-13-3020-EFS<br><br>**ORDER DENYING PLAINTIFF'S CONSTRUED MOTION FOR RECONSIDERATION AND DENYING REMAINING MOTIONS AS MOOT** |

On February 15, 2013, Plaintiff DeLoris Boaz filed a *pro se* civil rights Complaint against three individuals, presumably all of whom are law enforcement officers employed by the Washington State Patrol. ECF No. 4. On May 1, 2013, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and found that Plaintiff failed to state a claim upon which relief could be granted. ECF No. 6. The Court directed Plaintiff to either amend or voluntarily dismiss her Complaint by July 1, 2013. *Id*. Upon Plaintiff's motion, the Court extended that deadline to July 8, 2013. ECF No. 8. On July 8, 2013, Plaintiff filed an amended complaint. ECF No. 9. On July 10, 2013, Plaintiff's amended complaint[1] was screened and subsequently dismissed

---

[1] The Court uses the term "amended complaint" somewhat loosely. Despite the Court's prior instruction to the contrary, the pleading was not plainly labeled as a First Amended Complaint. *See* ECF No. 6, at 6. And as explained

ORDER DENYING PLAINTIFF'S CONSTRUED MOTION FOR RECONSIDERATION AND DENYING REMAINING MOTIONS AS MOOT- 1

for failure to state a claim upon which relief could be granted, and judgment was entered in favor of Defendants. ECF No. 10.

Now before the Court are three documents filed by Plaintiff DeLoris Boaz, 1) "Application to Proceed in District Court Without Prepaying Fees or Costs"[2], ECF No. 12, 2) "Memorandum on Law, and Notice of Willful violations of law as Objection, and Offer of proof ER 103(a)(1),(2) Answer to plaintiff's claim for relief; and Counterclaim," ECF No. 13, and 3) "Memorandum of Law in Support of and Supplementing My Answer to plaintiff's claim for relief," ECF No. 14. (Capitalization as in original). The Court notes that while DeLoris Boaz is the plaintiff in the above-captioned matter, in her pleadings she refers to herself as "FICTIONAL Defendant" and "Claimant, aggrieved party" while referring to the State of Washington as the "Alleged Plaintiff." ECF Nos. 13 & 14. Plaintiff further appears to conflate who initiated the instant action demanding "[d]ismissal of [c]ause No. 2:13-CV-0320-EFS" stating

> I demand a dismissal of issues of Fact, and Law. The State of Washington in its Original Jurisdiction under the fundamental Christian Laws, with the protections afforded Me by virtue of My Anglo-Saxon Character.

ECF No. 13, at 13. (Capitalization as in original.)

Regardless, contained within the Memorandum of Law, and Notice of Willful Violations, ECF No. 13, and the Memorandum of Law in Support, ECF No. 14, Plaintiff makes numerous assertions that her rights were violated, reflecting similar assertions made in her previous

---

in the Court's prior order, ECF No. 10, the pleading failed to comply with almost all of the requirements the Court set out in its prior Order granting Plaintiff leave to amend. *See* ECF No. 6, at 5-6.

[2] This filing includes a notation stating, "Please include request for Counsel – D.E.B."

complaints.  Accordingly, the Court construes Plaintiff's Memorandum of Law, and Notice of Willful Violations, ECF No. 13, as a motion to reconsider the Court's earlier dismissal of the Amended Complaint.

A motion for reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  "[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999).  A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.  *Id.; Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000).

After reviewing the pleadings, the record in this matter, and applicable authority, the Court is fully informed and finds that Plaintiff has not met this standard.  Plaintiff has merely reasserted prior complaints, and has not demonstrated any new evidence, how the prior ruling was in error, or any change in controlling law.  Furthermore, Plaintiff's assertions in her pleadings still do not state a claim for which relief can be granted.  Accordingly, Plaintiff's Memorandum of Law, and Notice of Willful Violations, construed as a motion to reconsider, ECF No. 13, is denied.

As the matter remains closed, any pending requests to proceed *in forma pauperis* or to receive an attorney are moot.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Construed Motion to Reconsider, **ECF No. 13**, is **DENIED**.
2. The file is to remain **CLOSED**.
3. All remaining motions are **DENIED AS MOOT**.
4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal would not be taken in good faith.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and forward a copy to Plaintiff at her last known address.

**DATED** this  3rd  day of October 2013.

                              s/ Edward F. Shea
                              EDWARD F. SHEA
                    Senior United States District Judge

Q:\EFS\Civil\2013\3020.reconsider.deny.lc2.docx

ORDER DENYING PLAINTIFF'S CONSTRUED MOTION FOR RECONSIDERATION AND DENYING REMAINING MOTIONS AS MOOT- 4